IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADMINISTRATIVE COMMITTEE
OF THE WAL-MART STORES, INC.
ASSOCIATES' HEALTH AND
WELFARE PLAN                                          PLAINTIFF

    v.          Case No. 05-5007

NANCY LYNN GAMBOA,
BAUDELIO JOSE GAMBOA
WENDY AURORA GAMBOA, AND
LUCAS TIZOE GAMBOA                                    DEFENDANTS

## O R D E R

There comes on for consideration Plaintiff's Motion for Attorneys' Fees pursuant to 29 U.S.C. § 1132(g)(1). (Doc. 38.) On February 7, 2006, the Court issued its decision for Defendants which held Plaintiff's "treatment of the SPD as part of the Plan was unreasonable" and the "decision that reimbursement is required under the Plan was an abuse of discretion." As the prevailing party in the ERISA case, Defendants contend they are entitled to an award of attorneys' fees and costs against Plaintiff. Plaintiff objects to the award of attorneys' fees on the basis that attorneys' fees are not warranted after the factors set out by the Eighth Circuit Court of Appeals are applied to the facts of the case. (Doc. 41.)

A district court has discretion to award attorneys' fees to either party under ERISA. *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 969 (8th Cir. 2002) (citing 29 U.S.C. § 1132(g)). "When considering whether to award such fees, the Eighth Circuit has set forth general guidelines for district courts to

follow, including the five factors set forth in *Westerhaus*." *Sheehan v. Guardian Life Ins. Co.,* 372 F.3d 962, 968 (8th Cir. 2004) (citing *Martin*, 299 F.3d at 972)); *Lawrence v. Westerhaus,* 749 F.2d 494, 494 (8th Cir. 1984)). These factors are:

    (1) the degree of culpability or bad faith of the opposing party;

    (2) the ability of the opposing party to pay attorney fees;

    (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances;

    (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

    (5) the relative merits of the parties' positions.

*Westerhaus,* 749 F.2d at 495-96; *Sheehan*, 372 F.3d at 968.

Defendants request attorneys' fees because they are the prevailing participants/beneficiaries, but provided no additional support for the award. *See* Doc. 38. However, the Eighth Circuit Court of Appeals has rejected any presumption in favor of awarding attorneys' fees to prevailing ERISA parties. *Martin*, 299 F.3d at 972.

The Eighth Circuit Court of Appeals recently applied the five factors and found that the prevailing party was not entitled to attorney fees. *See Seitz v. Metropolitan Life Insurance Company*, 433 F.3d 647, 652 (8th Cir. 2006). In *Seitz*, the Eighth Circuit

2

Court of Appeals reversed the district court's grant of summary judgment for the insurance company. The Eighth Circuit Court of Appeals found that Seitz was totally disabled despite the fact he was able to do his job for two hours a day and continued to work after being told he could no longer work for more than two hours a day. The Court stated that "[a]lthough we disagree with MetLife's interpretation of the Plan's language, we do not find their interpretation to be without merit or a demonstration of bad faith. We also do not believe the other factors to be of great weight in this case. Accordingly, we deny Seitz's request for attorneys' fees." *Id.*

As in *Seitz*, we also disagree with Plaintiff's interpretation of the Plan's language, but do not find the interpretation to be without merit or to be founded on bad faith. While the second factor is met, as Plaintiff has the ability to pay attorney fees, this alone cannot serve as the basis for an award of attorneys' fees. *See Seitz*, 433 F.3d at 652 (the court found that the factors did not weigh in favor of awarding attorneys' fees, although it is clear that MetLife, as a large insurance company, had the ability to pay any awarded attorneys' fees); *see also Schadler v. Anthem Life Insurance Company*, No. 3;95-CV-1044-D, 2000 U.S. Dist. LEXIS 1623 (N.D. Tex. Feb 3, 2000) (the court found that the award of attorneys' fees was not justified, even after finding the defendants had the ability to pay, the defendant had not contested this

3

factor). We likewise find that the other three factors weigh in favor of awarding attorneys' fees. This is not a case in which a future deterrent effect is at issue[1], nor one where Defendants sought to benefit all participants/beneficiaries or to resolve a significant legal question regarding ERISA itself. Furthermore, both parties positions had merit. We find no additional factors that would justify the award of attorneys' fees.

Accordingly, Defendants' Motion for Attorney Fees is hereby DENIED.

IT IS SO ORDERED this 13th day of April, 2006.

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

---

[1] We determine that because there was no finding of bad faith or culpability, there is no behavior in which to deter. *See Martin v. Metro. Life Ins. Co.*, No. 3:98-CV-0848-D, 2000 U.S. Dist. LEXIS 6198 (N.D. Tex. 2000).

AO72A
(Rev. 8/82)